MAYOR AND COUNCIL OF ATLANTA, plaintiffs in error, *vs.* WHITE & KREIS, defendants in error.

1. Penal laws are to be construed strictly; not so strictly as to defeat the obvious intent and meaning of the law-maker, but so strictly that the offence charged must come within the reach of the law in its ordinary signification.
2. An offence cannot be created or inferred by vague implications.
3. There is no ordinance of the city of Atlanta making it an offence to sell meat in the market house out of market hours.

*Certiorari*, in Fulton Superior Court. Decided by Judge BULL, at April Term, 1861.

White and Kreis, butchers, rented from the Mayor and Council of Atlanta, a stall in the market house of that city for the purpose of there exposing their meats for sale during the year 1861, went into possession and proceeded to carry on their business. On the 23d of February, 1861, they were notified to appear before the Mayor to answer for the offence of selling meat at their stall between the hours of ten o'clock A. M. and four o'clock P. M., contrary to the ordinances of said city. They accordingly appeared before the Hon. J. I. Whitaker, the Mayor, and the fact of the selling being established by evidence, White & Kreis moved to be dismissed from the charge on the grounds,

1st. Because the Mayor and Council of the City of Atlanta had no power, under the Acts of Incorporation, to establish and keep up a market house, and that they could not impose any restriction whatever upon the sale of edibles within the limits of said city.

2d. Because there was no ordinance of said city prohibiting the sale of meats at or in the market house between the hours of ten o'clock A. M. and four o'clock P. M., on any day except Sunday.

3d. Because if there was such an ordinance it was null and void, having been passed without any grant to the Mayor and Council.

These grounds were overruled by the Mayor, who imposed

a fine of $50 each on White & Kreis, and placed them in the custody of the marshal until the fine should be paid.    Whereupon said W. & K. brought their writ of *certiorari*, relating the above facts and alleging as error the rulings of the Mayor. The Mayor in his answer admitted the facts as stated in the petition of the defendants in error, stating further, that they had once before been before him for selling meat outside of the market hours, as specified in the ordinances regulating the market house, and had then been fined five dollars and admonished against a repetition of their offence, and that all the other butchers paid due observance to the said ordinance.

Upon hearing the argument on the *certiorari*, Judge Bull decided that the same be sustained, and the judgment of the Mayor be reversed, upon the ground that there was no ordinance of said Mayor and Council prohibiting the sale of meats in the market house at any hour of the day.    To this decision the Mayor and Council excepts.

BLECKLEY, for plaintiffs in error.

COLLIER, *contra.*

*By the Court*—LUMPKIN, J., delivering the opinion.

Among the ordinances of the city of Atlanta there is none which makes it an offence to sell meats in the market house out of market hours, and prescribing a penalty therefor.    The crime is inferred from its being made the duty of renters of stalls, to cleanse their stalls after market hours.    The implication is too vague and uncertain.    This duty may have been enjoined from other considerations.    Penal laws must be construed strictly; not so strictly as to defeat the obvious intention of the law-maker, but so strictly that the case in hand must be brought within the definition of the law, that is within its reach, taken in their ordinary signification.

As to the power of the city authorities, I would observe that the market house being theirs, it is competent for them to make any regulations they may see fit by way of contract with those who transact business there.

Let the judgment be affirmed.